IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TYRONE COLE, #266 538, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 2:20-CV-151-MHT
)
ALABAMA DEPARTMENT OF )
CORRECTIONS, *et al.*, )
)
Defendants. )

**ORDER**

The Magistrate Judge has reviewed the special report and supporting evidentiary materials filed by the defendants and determined that the plaintiff should file a response in opposition to each of the arguments set forth in these documents. Accordingly, it is

ORDERED that on or before November 30, 2020 the plaintiff shall file a response to the report filed by the defendants addressing each of the arguments/defenses raised therein. **If the plaintiff fails to file a response as required by this order, the court will treat the plaintiff's failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action. Moreover, the plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure. In addition, if the plaintiff fails to respond to the written report with respect to each of the claims raised in his complaint, the court will treat this failure as an abandonment of these claims and shall proceed as justice requires.**

As indicated herein, at some time in the future the court may treat the defendants' report and the plaintiff's response as a dispositive motion and response.[1] Thus, in filing a response to the defendants' report the plaintiff should not rely only on his or her unsworn pleadings but should respond by filing affidavits, sworn/verified declarations or statements made under penalty of perjury and other evidentiary materials developed through discovery or other appropriate means and which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case.[2] Failure to file affidavits or statements/declarations under penalty of perjury or other evidentiary materials may result in this court accepting the defendants' evidence as true. If documents are referred to in the opposing affidavits/statements under penalty of perjury and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits/sworn statements or served with them.

[1]Thus, in preparing a response to the special report filed by the defendants the plaintiff should refer to the requirements of Rule 56, *Federal Rules of Civil Procedure*.

[2]An affidavit is a statement in writing sworn to by the affiant under oath or on affirmation before a notary public or other authorized officer. If a notary/authorized officer is not available, the plaintiff may support his response with a statement made under penalty of perjury as allowed by well established federal law. *See* 28 U.S.C. § 1746 ("Whenever ... any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same ..., such matter may, with like force and effect, be supported, evidenced, established, or proved by the ... declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form ... If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'."). The affidavit, declaration or certified/verified statement ***must be made on personal knowledge***, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

The parties are hereby notified that, **unless within fifteen (15) days from the date of this order a party files a response in opposition which presents sufficient legal cause why such action should not be undertaken**, upon the expiration of the time for the plaintiff to file a response as allowed by this order, the court may at any time thereafter and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion to dismiss or motion for summary judgment, and (2) after considering any response as allowed by this order, rule on the dispositive motion in accordance with the law.

Failure to follow the requirements of this order about the proper way to respond to the defendants' report may result in a recommendation of the Magistrate Judge that final judgment be entered in favor of the defendants without there being an evidentiary hearing.

Done, this 9th day of November 2020.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE